# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MUHAMMAD ALI ENTERPRISES LLC,**<br><br>*Plaintiff*,<br><br>v.<br><br>235 TipTop Store; A flower for men; ABKIQJXB; abodejoy; Adore Happy; Ageunitywear; Ah Le Clothes Shop Three; AHRAN INDUSTRIES; AKJHVDJE; Ali MEIMEI Store; ALIEX PREESS B119 Store; Allllllllllllllllllllllllllllllllllllllllllllll; Allllllllllllllllllllllllllllllllllllllllllllll; Ant Creative; Ao Figure Store; Artful pbn ART; ASDDSASA; AttireAlchemy; AZMUOUTOP; Babaite Simple Case 308 Store; Babite; Badxiaodian; Bathing Bear Store; BBBBWanxin; Bfqiushunlaibaihuo; BNNV2 Store; Boutique Clothing SB1 Store; Build the World-y; C910418'shop; Captain STUDlO; CH Tshirt; championshipringshop; changy62; chenaihua; CHENYINGAAA; ChicWave Cup; CHOUU; CMSJ TRADE; Colorful Canvas Shop Store; Colorful Fads; Cool Tee Boutique; CooTeen; Corals tiger; Crazy Decorate; CT Poster; Customized Trend hat Shop; CYF Home 004 Store; Da Hope Clothing Factory Store Store; Dante fashion; DARLEEN; Dex and; Distinct Custom Shop; DIYS126 Store; DLKOIJXC; dong974; Dream big clothing eight; Dreamy Blankets; dusileiyigua6; DYIQWJHB; E I G H T; Essential trendy clothing; Fashion Apparel LLC; Fashionable trendsetter clothing; Fashionbest; Fashionn | **SEALED**<br><br>Civil Action No.<br><br>Jury Trial Demanded |

Hat; FIIICDFB; Four Five-159 Store; FXPH; Gear Garment; GLEC; GNN FASHION; great poster; Guangzhou Fuyue Qianchao Trade Co., Ltd.; Guifu Toy Store; Gunot DIY; hahahai; hanhan889; Happy Art Store; Happy Canvas; happy-hour0; Haus Der Kunst Store; HDJFFF; HEIKA ALILI QTPC13 Store; Hershuing; HGH Fashion Department; HGUJHUYPP; Home Art Window Store; HS LZ FUNNY; HYXASDFF; IAEFJI; ibsstyle; jflasfdshlkhkjhafjhkahfafjfhklajhfjlhfkljs; Jiujiang Muya Crafts Co., Ltd.; JJJ Menswear; JUNHUANYI; JUNMEINI; kyra picture; LAYY Wall Art; Leading Creativity; LIN ART ROOM; LINSHAN C; lion WANG; Live ustory Store; lkyysh wholesale goods; LQHAAMN; Lucky Colorful Dawn; LuckyGain 999 Store; lunabearsgear; Luokiqi Store; Luquan Aizhou E-Commerce Store; LZQYOLO; Make people happy; Mens wardrobe four; Min Jiuding F; Minjiuding J; Modern Closets; mountainhill; Mukerui; Music Wardrobe Store; Mystical Treasure Local; Nanning Aisy Import And Export Co., Ltd.; NCREEA; NENGBOA; Nestoria; Ningbo Hepburn Arts And Crafts Co., Ltd.; NoDiDi; Oil painting Xiao Wang; PINGWEIER; Printifyt shirt; Puswear; Quadruple Wage Store; QUEJINYU; Rebecca Poster Art House; REN-Displate Metal Poster Store; Rosy7 (lnst.）  Store; Ruicai Store; Shang Yun Lai; Shiny Fish Store; Shop5244223 Store; Shop5259129 Store; Shop1102419444 Store; Shop1103471283 Store; Shop1103676120 Store; Shop1103705150 Store; Shop1103784212 Store; Shop1103858077 Store; Shop1103874220 Store; Shop1103996613 Store; Shop1103996917 Store; Shop1104036695 Store; Shop1104053983 Store;

**Shop1104071624 Store; Shop1104086649 Store; Shop1104113394 Store; Shop1104119758 Store; Shop1104143287 Store; Shop1104211807 Store; Shop1104273785 Store; Shop1104353192 Store; Shop1104405696 Store; Shop1104631768 Store; Shop1104653609 Store; Shop1104657645 Store; Shop1104661074 Store; Shop1104682344 Store; Shop1104697292 Store; Sichuan Chendang Technology Co., Ltd.; Slight colds; Snazzy Stash; Star Printful; SuperBackdrop; Swan Dream Art Canvas Painting Store; SXiaoyna Store; T-10 Lin050 Store; TEES HOLIC Store; Tempered under sunlight; TEN SHIRT; Tengxu Animation Toy Store; The Stylish Mens Wardrobe; Three male lions; TomiK; Txueone; U Money comes from the old shopkeeper; uduannus; USET Store; UUSTEE Store; VERDANTIA ZENITHFLOWLUMIVISTA; Warm Day Art Store; WH WALL ART; Wild lvy FemmeVogue; Wilson Decor; Winters Solstice; WonderfulALL; XAZV ART; XCHMall; XMMHK; XY Apparel; Y3M MONEY Store; Yaaaang Jiannnn Meeeei; Yi Mawei DIY; yingjun515; Yiwu Jing Lan Art & Crafts Co., Ltd.; Yiwu Rui Painting Crafts Co., Ltd.; you18755you1; YXYM fashion; yzmerkj; Zhanguod; ZZJQ Art SHOP; and ZZRBNVV,**

    *Defendants.*

## **COMPLAINT**

1)    This is an action for trademark infringement in violation of 15 U.S.C. § 1114, false designation of origin and/or false endorsement in violation of 15

U.S.C. §1125(a), as well as common law trademark infringement and unfair competition.

2) This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the remaining common law claims pursuant to 28 U.S.C. § 1367.

3) This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because, on information and belief, no Defendant is subject to the jurisdiction of any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

4) Alternatively, this Court has personal jurisdiction over Defendants because Defendants, on information and belief, either transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia.

5) Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## THE PARTIES

6) Plaintiff Muhammad Ali Enterprises LLC ("Plaintiff") is a California limited liability company with its principal place of business at 1411 Broadway, 4th floor, New York, New York 10018.

7) On information and belief, Defendants 235 TipTop Store; A flower for men; ABKIQJXB; abodejoy; Adore Happy; Ageunitywear; Ah Le Clothes Shop Three; AHRAN INDUSTRIES; AKJHVDJE; Ali MEIMEI Store; ALIEX PREESS B119 Store; AllllllllIIIIIIIIIIIIIIIlllllllllllllllllIIIIIIIII; AllllllllIIIIIIIIIIIIlllllllllllllllllllllllIIIIII; Ant Creative; Ao Figure Store; Artful pbn ART; ASDDSASA; AttireAlchemy; AZMUOUTOP; Babaite Simple Case 308 Store; Babite; Badxiaodian; Bathing Bear Store; BBBBWanxin; Bfqiushunlaibaihuo; BNNV2 Store; Boutique Clothing SB1 Store; Build the World-y; C910418'shop; Captain STUDlO; CH Tshirt; championshipringshop; changy62; chenaihua; CHENYINGAAA; ChicWave Cup; CHOUU; CMSJ TRADE; Colorful Canvas Shop Store; Colorful Fads; Cool Tee Boutique; CooTeen; Corals tiger; Crazy Decorate; CT Poster; Customized Trend hat Shop; CYF Home 004 Store; Da Hope Clothing Factory Store Store; Dante fashion; DARLEEN; Dex and; Distinct Custom Shop; DIYS126 Store; DLKOIJXC; dong974; Dream big clothing eight; Dreamy Blankets; dusileiyigua6;

DYIQWJHB; E I G H T; Essential trendy clothing; Fashion Apparel LLC; Fashionable trendsetter clothing; Fashionbest; Fashionn Hat; FIIICDFB; Four Five-159 Store; FXPH; Gear Garment; GLEC; GNN FASHION; great poster; Guangzhou Fuyue Qianchao Trade Co., Ltd.; Guifu Toy Store; Gunot DIY; hahahai; hanhan889; Happy Art Store; Happy Canvas; happy-hour0; Haus Der Kunst Store; HDJFFF; HEIKA ALILI QTPC13 Store; Hershuing; HGH Fashion Department; HGUJHUYPP; Home Art Window Store; HS LZ FUNNY; HYXASDFF; IAEFJI; ibsstyle; jflasfdshlkhkjhafjhkahfafjfhklajhfjlhfkljs; Jiujiang Muya Crafts Co., Ltd.; JJJ Menswear; JUNHUANYI; JUNMEINI; kyra picture; LAYY Wall Art; Leading Creativity; LIN ART ROOM; LINSHAN C; lion WANG; Live ustory Store; lkyysh wholesale goods; LQHAAMN; Lucky Colorful Dawn; LuckyGain 999 Store; lunabearsgear; Luokiqi Store; Luquan Aizhou E-Commerce Store; LZQYOLO; Make people happy; Mens wardrobe four; Min Jiuding F; Minjiuding J; Modern Closets; mountainhill; Mukerui; Music Wardrobe Store; Mystical Treasure Local; Nanning Aisy Import And Export Co., Ltd.; NCREEA; NENGBOA; Nestoria; Ningbo Hepburn Arts And Crafts Co., Ltd.; NoDiDi; Oil painting Xiao Wang; PINGWEIER; Printifyt shirt; Puswear; Quadruple Wage Store; QUEJINYU; Rebecca Poster Art House; REN-Displate Metal Poster Store; Rosy7 (lnst.） Store; Ruicai Store; Shang Yun Lai; Shiny Fish

Store; Shop5244223 Store; Shop5259129 Store; Shop1102419444 Store; Shop1103471283 Store; Shop1103676120 Store; Shop1103705150 Store; Shop1103784212 Store; Shop1103858077 Store; Shop1103874220 Store; Shop1103996613 Store; Shop1103996917 Store; Shop1104036695 Store; Shop1104053983 Store; Shop1104071624 Store; Shop1104086649 Store; Shop1104113394 Store; Shop1104119758 Store; Shop1104143287 Store; Shop1104211807 Store; Shop1104273785 Store; Shop1104353192 Store; Shop1104405696 Store; Shop1104631768 Store; Shop1104653609 Store; Shop1104657645 Store; Shop1104661074 Store; Shop1104682344 Store; Shop1104697292 Store; Sichuan Chendang Technology Co., Ltd.; Slight colds; Snazzy Stash; Star Printful; SuperBackdrop; Swan Dream Art Canvas Painting Store; SXiaoyna Store; T-10 Lin050 Store; TEES HOLIC Store; Tempered under sunlight; TEN SHIRT; Tengxu Animation Toy Store; The Stylish Mens Wardrobe; Three male lions; TomiK; Txueone; U Money comes from the old shopkeeper; uduannus; USET Store; UUSTEE Store; VERDANTIA ZENITHFLOWLUMIVISTA; Warm Day Art Store; WH WALL ART; Wild lvy FemmeVogue; Wilson Decor; Winters Solstice; WonderfulALL; XAZV ART; XCHMall; XMMHK; XY Apparel; Y3M MONEY Store; Yaaaang Jiannnn Meeeei; Yi Mawei DIY; yingjun515; Yiwu Jing Lan Art & Crafts Co., Ltd.; Yiwu

Rui Painting Crafts Co., Ltd.; you18755you1; YXYM fashion; yzmerkj; Zhanguod; ZZJQ Art SHOP; and ZZRBNVV ("Defendants") are non-U.S. entities, associations, or individuals, believed to be located in China or elsewhere in Asia, each of whom sells, offers for sale, distributes, and/or advertises goods through its virtual storefronts on various e-commerce marketplaces, such as Alibaba, AliExpress, Amazon, DHGate, eBay, Etsy, Joom, Printerval, Temu, Walmart, and Wish (each a "Marketplace" and collectively the "Marketplaces").

8)  Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

## RELEVANT FACTS

9)  Plaintiff owns all intellectual property, including all trademark rights, of Muhammad Ali's estate and is the current owner of the global trademark portfolio of the late Muhammad Ali.

10) Muhammad Ali ("Ali") was a three-time world heavyweight boxing champion, activist, and philanthropist.  Considered "[t]he most recognized athlete in the world" and "one of the most recognizable men on earth," Ali was a significant and widely admired cultural figure known not only for his Hall of Fame boxing career, but also for his resistance to the Vietnam War draft, his spoken word poetry, and his philanthropic, humanitarian, and political pursuits.  In

8

November 2014, Smithsonian Magazine named Ali one of the 100 Most Significant Americans of All Time.

11) Plaintiff owns numerous federal trademark registrations and common law rights for its trademarks including, but not limited to, MUHAMMAD ALI, ALI, CASSIUS CLAY, RUMBLE IN THE JUNGLE, and FLOAT LIKE A BUTTERFLY, STING LIKE A BEE (collectively, "Marks" or "Plaintiff's Marks"). Each of Plaintiff's Marks is valid and enforceable.

12) Attached hereto as Exhibit A are true and correct copies of federal certificates of registration for certain of Plaintiff's Marks.

13) Plaintiff has used its Marks in commerce for many years in connection with a wide variety of consumer products including, but not limited to, clothing, toys, games, posters, jewelry, books, magazines, papers products, cups, mugs, and entertainment services, and has not abandoned any of the Marks.

14) As a result of Plaintiff's extensive use of Plaintiff's Marks in commerce, through sale of goods, offering for sale of goods, advertising, promotion, or otherwise, Plaintiff's Marks have achieved considerable goodwill throughout the United States and the world.

15) On information and belief, each Defendant sells, offers for sale, distributes, and/or advertises goods to customers in the United States, including in this judicial district.

16) Each Defendant uses in commerce a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiff's Marks on or in connection with the sale, offer for sale, distribution, or advertising of goods on their respective virtual storefronts on the Marketplaces.

17) Plaintiff has captured screenshots of the infringing product listings at issue on the Marketplaces for each Defendant. Attached hereto as Exhibit B is a list of active URLs linking to the screenshots of all such product listings.

18) None of the Defendants is authorized to sell, offer for sale, distribute, or advertise any goods under or in connection with any of Plaintiff's Marks.

19) On information and belief, each Defendant: (a) sources infringing goods from one or more of the same suppliers or manufacturers who facilitate, instruct, and/or coordinate each of the Defendants' actions; (b) utilizes identical product descriptions (including identical grammar errors and misspellings), product images, sequences of product images, pricing structures, payment options, shipping information, keywords, metadata, and other indicia of purposeful relatedness; (c) operates multiple virtual storefronts within and across multiple

Marketplaces; and (d) participates in on-line forums dedicated to avoiding or minimizing liability. Therefore, on information and belief, Defendants are working together to knowingly and willfully sell, offer for sale, distribute, or advertise infringing goods in the same transaction, occurrence, or series of transactions or occurrences.

## COUNT I.

## INFRINGEMENT OF A REGISTERED TRADEMARK IN VIOLATION OF 15 U.S.C. § 1114

20) Paragraphs 1-19 are realleged and incorporated herein by reference.

21) Each Defendant is using in commerce one or more reproductions, counterfeits, copies, or colorable imitations of one or more of Plaintiff's Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of each Defendant's goods.

22) Each Defendant's aforesaid actions are likely to cause damage and other irreparable injury to Plaintiff unless such actions are enjoined by this Court, Plaintiff having no adequate remedy at law.

23) Each Defendant's aforesaid actions constitutes an infringement of Plaintiff's rights in and to its federally registered Marks in violation of 15 U.S.C. § 1114.

24) After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of its goods. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

25) In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

26) Plaintiff is further entitled to an award of three times its damages or profits from each Defendant found to be intentionally using a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

27) Alternatively, Plaintiff is entitled to an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good sold or offered for sale pursuant to 15 U.S.C. § 1117(c).

28) Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT II.

## FALSE DESIGNATION OF ORIGIN AND/OR FALSE ENDORSEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

29) Paragraphs 1-19 are realleged and incorporated herein by reference.

30) Each Defendant is using in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact on or in connection with its goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiff.

31) After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiff's Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiff, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial

activities by Plaintiff. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

32) Defendants' acts constitute false designation of origin and/or false endorsement in violation of 15 U.S.C. § 1125(a).

33) In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

34) Plaintiff has been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

## COUNT III.

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35) Paragraphs 1-19 are realleged and incorporated herein by reference.

36) Each Defendant's use of one or more marks that is confusingly similar to one or more of Plaintiff's Marks, in connection with goods which are the same

as or are competitive with Plaintiff's goods, is likely to cause confusion, to cause mistake, and to deceive as to the source or origin of its goods.

37) Each Defendant is offering its goods for sale with full knowledge of Plaintiff's Marks.

38) Each Defendant has promoted and offered for sale its goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiff, or so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiff's or Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

39) Plaintiff is entitled to recover from each Defendant actual and compensatory damages in an amount to be proven at trial in addition to any other available remedies.

40) Each Defendant's aforesaid conduct constitutes infringement of Plaintiff's common law rights in and to Plaintiff's Marks and further constitutes common law unfair competition, all of which has irreparably damaged and/or will irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendants are enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1) That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale, or selling any goods under or in connection with Plaintiff's Marks or any other designation, trademark, or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's or Defendants' goods, or from otherwise infringing Plaintiff's Marks;

2) That an accounting be conducted and judgment be rendered against each Defendant for:

   a) all profits received by each Defendant from the sale of goods under or in connection with Plaintiff's Marks in the United States;

   b) all damages in an amount proven at trial from, *inter alia*, each Defendant's trademark infringement, false designation of origin, and false endorsement, pursuant to 15 U.S.C. § 1117; and

   c) any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action.

3)     That any damages assessed against any Defendant for trademark infringement, false designation of origin, and/or false endorsement be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

4)     Alternatively, that Plaintiff be awarded statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

5)     That each Defendant be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunctions requested in the immediately preceding paragraphs and any other provision of this Court's Order;

6)     That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

7)     That Plaintiff have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 17, 2025.

        Respectfully submitted,
        THE SLADKUS LAW GROUP

        *s/Carrie A. Hanlon*
        Carrie A. Hanlon
        Ga. Bar No. 289725
        E-mail: carrie@sladlaw.com
        Jason H. Cooper
        Ga. Bar No. 778884
        E-mail: jason@sladlaw.com

        1397 Carroll Drive
        Atlanta, GA 30318
        Telephone: (404) 252-0900
        Facsimile: (404) 252-0970

        ***Attorneys for Plaintiff***